[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 16, 1992 Date of Application January 16, 1992 Date of Application Filed January 16, 1992 Date of Decision February 27, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland Docket No. CR91-45450;
Philip N. Armentano, Esq. Defense Counsel, for Petitioner.
Patricia A. Swords, Esq., State's Attorney, for the State.
BY THE DIVISION:
After trial by jury, petitioner was convicted of conspiracy to commit assault on a correctional officer in violation of General Statutes § 53a-48 and § 53a-167c(a)(1); accessory to assault on a correctional officer in violation of § 53a-8 and § 53a-167c(a)(1); conspiracy to commit assault in the second degree in violation of § 53a-48 and § 53a-60(a)(5); accessory to assault in the second degree in violation of § 53a-8 and § 53a-60(a)(5); and rioting in a correctional institution in violation of § 53a-179b.
As a result of said conviction, a sentence of ten years was imposed on the first count. A concurrent sentence was imposed on the second count. The third count was set aside and no sentence imposed. On the fourth count, a concurrent sentence of five years was imposed, and on the fifth count a concurrent sentence of ten years was imposed. The total effective sentence was ten years consecutive to any sentence previously imposed.
The facts underlying petitioner's conviction indicate that on January 11, 1991, he was a sentenced prisoner confined to a correctional institution and was in a segregation unit. As officers were attempting to escort inmate Francis Anderson to his cell, petitioner yelled out that he would give inmate CT Page 2673 Anderson $200 if he would punch one of the two escorting correctional officers. Inmate Anderson then punched one of the two officers in the face. The second officer assisted in the attempt to restrain inmate Anderson. Inmate Anderson then struck the second correctional officer in the forehead. Inmate Anderson then continued to punch both of the escorts until he was eventually restrained by other staff officers.
Petitioner's attorney argued that the sentence imposed was disproportionate and should be reduced. He pointed out that after the assault petitioner intervened on behalf of the correctional officers and held Mr. Anderson off and attempted to get him to "chill out." It was argued that petitioner did not receive sufficient credit for his role as a peace maker. It was also pointed out that no serious injuries were inflicted and that petitioner's conduct within the prison improved remarkably after the assault, and that within a year after the assault petitioner had only one violation of the rules.
Speaking on his own behalf, petitioner stated that he felt the sentence imposed was quite stiff and that he would like it reduced.
The state's attorney argued against any reduction in sentence. She pointed out that but for petitioner's invitation to Mr. Anderson, there would have been no assault. The state's attorney also pointed out the serious effect which this assault had on the victim and the institution where the assault occurred. She also pointed out petitioner's serious prior criminal record and that the sentence imposed was well under the maximum authorized by law.
In imposing sentence, the judge assessed petitioner's responsibility for the assault and the danger which such conduct presents in the strained atmosphere of a correctional institution.
The sentence imposed here was not inappropriate or disproportionate. The offense which petitioner committed was extremely serious affecting the security of a penal institution and the protection of correctional officers. The sentence was not inappropriate when petitioner's prior criminal record, the necessity of protecting the public from such conduct and the requirement that others be deterred from committing similar acts in the future were considered. CT Page 2674
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.